LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
825 Veterans Highway
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JASON SORIN, on behalf of himself and
all other persons similarly situated,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | |
| PELOTON INTERACTIVE, INC., | *Class Action* |
| Defendant. | *Jury Trial Demanded* |

-----------------------------------------------------------------------X

Plaintiff, JASON SORIN ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, PELOTON INTERACTIVE, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.       Plaintiff  brings this action on behalf of himself and similarly situated current and former employees of Defendant who worked in Field Operations in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of New York Labor Law § 191 and § 195(1) ("New York Labor Law"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to New York Labor Law § 198.

1

2.     Plaintiff also brings this action on his own behalf to seek redress for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII") and the New York State Human Rights Law, N.Y. Executive Law §290 et seq. (hereinafter ("NYSHRL").

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Prior to commencing this action, Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") under charge number 520-2018-05038.

7.     Plaintiff commenced this action within ninety (90) days of the receipt of the Notice of the Right to Sue, which was issued October 6, 2020.

## PARTIES

8.     Plaintiff is a resident of the State of Connecticut.

9.     Defendant is a corporation organized and existing under the laws of State of Delaware.

10.     At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law § 190(2) and a "manual worker" within the meaning of Labor Law § 190(4).

11.     At all times relevant, Defendant was an "employer" within the meaning of Labor Law § 190(3).

12.     At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f) and a "person" within the meaning of the NYSHRL, N.Y. Exec. Law § 292(1).

13.     At all times relevant, Defendant was and still is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and § 292(5) of the NYSHRL and employed more than fifteen employees.

## FACTUAL ALLEGATIONS

14.     Defendant provides indoor cycling training and sells indoor cycling bicycles.

15.     Defendant maintains warehouses and distribution centers in Syosset, Farmingdale, Westbury and Mount Vernon, New York.

16.     Plaintiff was employed by Defendant as an hourly-paid, manual worker who worked in Field Operations from in or about October 2018 until on or about November 11, 2020.

17.     For most of his employment with Defendant, Plaintiff worked as a Field Specialist delivering and setting up indoor cycling bicycles.  More recently, Plaintiff worked as a Field Assistant providing assistance to the Field Specialist in the delivery, set-up and maintenance of indoor cycling bicycles.

18.     Defendant failed to pay Plaintiff and similarly situated persons who have worked in Field Operations in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by New York Labor Law § 191.  Instead, Defendant paid Plaintiff and similarly situated persons who have worked in

Field Operations on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

19.     Defendant failed to provide Plaintiff with notice of his wage rate and the basis of his pay upon hire as required by New York Labor Law § 195(1).

20.     As a Field Specialist, Plaintiff worked a schedule that varied from workweek to workweek and was assigned to work any day of the week, including Saturday and/or Sunday.

21.     Plaintiff is of the Jewish faith and observes the Sabbath on Saturday.

22.     In or about March 2020, Plaintiff informed his supervisor that he cannot work Saturday because he observes the Sabbath. Plaintiff's request for a religious accommodation to observe the Sabbath was reasonable. Plaintiff informed his supervisor that he was able to work every other day of the week, including Sunday, except Saturday.

23.     Plaintiff's requested accommodation was reasonable and could have been easily provided by Defendant.

24.     Upon information and belief, Defendant had no policy or procedure with respect to accommodating the religious beliefs of its employees.

25.     As a result of Defendant's failure to have any policy or procedure with respect to accommodating the religious beliefs of its employees, Plaintiff's requests for accommodation were denied.

26.     Plaintiff subsequently contacted Defendant's Human Resources ("HR") regarding the denial of his request for religious accommodation. Plaintiff advised HR that he had asked his supervisor to accommodate his religious practice.

27.     Defendant's HR representative instructed Plaintiff to complete a form intended for employees with disabilities to request reasonable accommodation.

4

28.     Plaintiff could not complete the form provided by Defendant's HR representative because he does not suffer from a disability.  When Plaintiff asked Defendant's HR representative why he was instructed to complete a form intended for employees with a disability, the HR representative told him that it was the form that Defendant used for "all requests."

29.     In or about May 2020, Defendant reduced Plaintiff's employment status from full-time to part-time in order to avoid accommodating Plaintiff's religious practice and in retaliation for Plaintiff's requests.  The reason Defendant provided to Plaintiff for reducing his employment status was that he could not work Saturdays.  Defendant thereby caused Plaintiff to suffer a diminution in his employment status and compensation.

30.     Defendant's discriminatory and retaliatory actions against Plaintiff caused the termination of his employment.

31.     Defendant discriminated against Plaintiff based on his observance of Saturday as a sabbath or holy day in accordance with the requirements of his religion in violation of Title VII of the Civil Rights Act of 1964 and the NYSHRL.

32.     Defendant failed to reasonably accommodate Plaintiff's bona fide religious beliefs in violation of Title VII of the Civil Rights Act of 1964 and the NYSHRL.

33.     Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 and the NYSHRL.

34.     As a proximate result of Defendant's discriminatory action, Plaintiff has suffered and will continue to suffer the loss of his job and the opportunity to work, the loss of his wages and the loss of benefits that he would be receiving but for Defendant's discriminatory conduct.

35.     As a proximate result of Defendant's discriminatory action, Plaintiff has suffered and continues to suffer emotional harm, mental anguish, embarrassment and humiliation.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

36.     Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in hourly-paid positions in Field Operations in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

37.     Upon information and belief, Defendant employed persons in various Field Operations positions including, but not limited to, persons who worked as Warehouse Associates assembling bicycles for delivery; Inventory Specialists loading and unloading trucks; Field Specialists delivering and setting up Peloton bicycles; Field Assistants providing assistance to Field Specialists in the delivery, set-up and maintenance of Peloton bicycles; Master Technicians trouble shooting and repairing Peloton products; and Tread Assistants delivering and assembling Peloton treads and performing repairs and maintenance.

38.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

39.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are

over forty (40) individuals who are currently, or have been, employed by Defendant in Field Operations at any time during the six (6) years prior to the filing of this Complaint.

40.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

41.     Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

42.     All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

43.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

44.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present

action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

45.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant.  Moreover, the issues in this action can be decided by means of common, class-wide proof.

46.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

47.     In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

48.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

49.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50.     Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

51.     Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

52.     Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

53.     Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## TITLE VII RELIGIOUS DISCRIMINATION

54.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

55.     Plaintiff has been discriminated against by Defendant on the basis of his religion in violation of Title VII of the Civil Rights Act of 1964, by Defendant's failure to accommodate Plaintiff's reasonable request for religious accommodation.

56.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

57.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

58.     The conduct described herein was done in conscious disregard of Plaintiff's rights.

**THIRD CLAIM FOR RELIEF**
**TITLE VII RETALIATION**

59.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

60.     Defendant retaliated against Plaintiff for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964 by reducing Plaintiff from full-time to part-time status.

61.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

62.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

63.     The conduct described herein was done in conscious disregard of Plaintiff's rights.

**FOURTH CLAIM FOR RELIEF**
**NYSHRL RELIGIOUS DISCRIMINATION**

64.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

65.     Plaintiff has been discriminated against on the basis of his religion.

66.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

67.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

68.     The conduct described herein was done in conscious disregard of Plaintiff's rights.

## FIFTH CLAIM FOR RELIEF
## NYSHRL RETALIATION

69.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

70.     Defendant retaliated against Plaintiff for engaging in protected activity in violation of NYSHRL by reducing Plaintiff from full-time to part-time status.

71.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

72.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

73.     The conduct described herein was done in conscious disregard of Plaintiff's rights.

## JURY TRIAL DEMANDED

74.     Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.)     Certification of a Class Action pursuant to F.R.C.P. 23;

(ii.)     Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.)     Damages pursuant to NYLL §198;

(v.)     Compensatory and punitive damages under Title VII;

(vi.)     Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vii.)   Pre-judgment and post-judgment interest as permitted by law; and

(viii.)   Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        November 12, 2020

                                    LAW OFFICE OF PETER A. ROMERO PLLC

                    By:   */s Peter A. Romero*

                          _____
                          Peter A. Romero, Esq.
                          825 Veterans Highway-Ste. B
                          Hauppauge, New York 11788
                          Tel. (631) 257-5588
                          promero@romerolawny.com

                          *Attorneys for Plaintiff*